ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | §    3-12CR-193-M |
| v. | § |
| | § |
| ANIRUDH SARWAL | § |

## FACTUAL RESUME

Anirudh Sarwal, Russell Soloway and Robert Webster (the defendant's attorneys), and the United States of America agree that the following is true, correct, and can be used to support Sarwal's plea of guilty to Count One of the Information:

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information, a violation of 18 U.S.C. § 1349, that is, Conspiracy to Commit Bank Fraud, the government must prove each of the following elements beyond a reasonable doubt:

*First.*    That the defendant and at least one other person made an agreement to commit the crime of Bank Fraud as charged in the Indictment;

*Second.*    That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

Bank Fraud, a violation of 18 U.S.C. § 1344, is committed when the following four elements are met:

*First.*    That the defendant knowingly executed a scheme or plan to obtain money or property from U.S. Bank and Texas Capital Bank by means of false or fraudulent pretenses, representations, or promises;

*Second.*     That the defendant acted with specific intent to defraud U.S. Bank and Texas Capital Bank;

*Third.*     That the false pretenses, representations, or promises that the defendant made were material; and

*Fourth.*     That the defendant placed the financial institution at risk of civil liability or financial loss; and

*Fifth.*     That both U.S. Bank and Texas Capital Bank were insured by the Federal Deposit Insurance Corporation.

## STIPULATED FACTS

Beginning in or about August or September 2008, the exact date being unknown to Grand Jury, and continuing thereafter until at least June 2010 ("the Relevant Period"), in the Dallas Division of the Northern District of Texas and elsewhere, defendant Anirudh Sarwal ("Sarwal") and others known and unknown to the Grand Jury, including Fred Alden Yeo, did knowingly and willfully combine, conspire, confederate, and agree with each other to commit the offense of bank fraud, in violation of 18 U.S.C. § 1344, by making and submitting materially false and fraudulent statements to Texas Capital Bank and U.S. Bank, both federally insured financial institutions during the Relevant Period, in connection with a $39 million construction loan for a commercial development project in Austin, Texas.

During the Relevant Period, Sarwal was the principal of East Avenue Office Holdings, LP ("East Avenue"), an entity based in Austin, Texas. In or about August or September 2008, East Avenue approached various financial institutions in order to obtain a $39 million construction loan for the development of an eight-story office building. Ultimately, U.S. Bank and Texas Capital Bank agreed to fund the loan, and East Avenue

and the financial institutions closed the loan on December 30, 2008.

During the Relevant Period, including during the negotiations prior to closing on the loan, both Sarwal and Yeo made material, false statements to Texas Capital Bank and U.S. Bank in order to secure the loan. Sarwal admits that he knowingly and willfully provided a fabricated bank statement purporting to show that he had assets in excess of $7 million (specifically, $7,127,662.51) in an investment account at Wells Fargo. The Wells Fargo bank statement was a forgery. The Wells Fargo bank statement refers to an account number (No. xxx-xxx6326) that does not exist at Wells Fargo. Sarwal further admits that at the time he submitted the Wells Fargo bank statement, he did not have an investment account with a cash value exceeding $7 million.

Sarwal further admits that at the time he submitted the Wells Fargo bank statement, he knew that both Texas Capital Bank and U.S. Bank wanted assurance that Sarwal, the principal of the borrower and guarantor on the loan, and Fred Yeo, a co-guarantor on the loan, collectively, had at least $5 million in liquid assets so as to provide comfort that the construction loan would be repaid. Moreover, Sarwal admits that regardless of the amount of his personal assets, if either financial institution known that the Wells Fargo bank statement was a fabricated document, neither financial institution would have authorized a $39 million construction loan to a borrower who submitted fabricated documents. Sarwal admits that the submission of the fake bank statement was a material misrepresentation—that is, the fake bank statement had a natural tendency to influence, or is capable of influencing, the financial institutions to which it was addressed. Sarwal further admits that he submitted the false bank statement with the

**Factual Resume – Page 3 of 5**

specific intent to defraud Texas Capital Bank and U.S. Bank and that by making the false statements in order to secure the $39 million construction loan, Sarwal placed U.S. Bank and Texas Capital Bank at risk of civil liability or financial loss.

On or about the date(s) identified in the Indictment, Sarwal admits:

- That he and at least one other person made an agreement to commit the crime of Bank Fraud as charged in the Indictment;

- That he knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose;

//////// NOTHING FURTHER THIS PAGE ////////

The above facts are true and correct.

AGREED TO AND SIGNED this 27th day of June, 2012.

_____     6/27/12
STEPHEN P. FAHEY                    Date
Assistant United States Attorney

for _____     6/27/12
J. NICHOLAS BUNCH                   Date
Assistant United States Attorney

_____     3/1/12
ANIRUDH SARWAL                      Date
Defendant

_____     3.1.2012
RUSSELL SOLOWAY                     Date
Attorney for Defendant

_____     3/7/12
ROBERT WEBSTER                      Date
Attorney for Defendant

**Factual Resume – Page 5 of 5**